UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

OTIS WALKER,
   Plaintiff,

v.                          NO. 3:15-cv-00634 (VAB)

CONNECTICUT LIGHT
& POWER COMPANY;
JOHN DOE, *customer service*;
and JANE DOE, *customer service*,
   Defendants.

## **RULING**

Plaintiff, Otis Walker, filed a Complaint *pro se* against the Connecticut Light and Power Company ("Connecticut Light & Power") as well as unknown individuals in its customer service department. Compl., ECF No. 1. He makes claims for "identity theft and negligence." *Id.* at Request for Relief. The Court granted his Motion to Proceed *in Forma Pauperis* on May 19, 2015. Order, ECF No. 9. Mr. Walker has also filed a Motion for Appointment of Counsel, ECF No. 4.

"The same statute that authorizes the Court to grant *in forma pauperis* status to a plaintiff also contains a provision that protects against abuses of this privilege." *Fuentes v. Conway*, No. 3:09mc97 (WIG), 2009 WL 1043905, at *1 (D. Conn. Mar. 27, 2009). Under 28 U.S.C. §1915(e)(2), the Court "shall dismiss the case at any time" if the action is "frivolous or malicious[ or] fails to state a claim on which relief may be granted . . . ." "The term 'frivolous' is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact." *Whitnum v. Emons*,

No. 3:15-cv-959 (SRU), 2015 WL 5010623, at *1 (D. Conn. Aug. 24, 2015) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

In reviewing a *pro se* complaint, the Court must construe it liberally, and interpret it "to raise the strongest arguments it suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted). Even so, the complaint must still "include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief." *Shabazz v. Valentine*, No. 3:14-cv-1711 (JBA), 2014 WL 6850773, at *1 (D. Conn. Dec. 3, 2014); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). It must also comply with the relevant procedural and substantive law, "including establishing that the [C]ourt has subject matter jurisdiction over the action." *Banks v. New York State Dep't of Taxation & Fin.*, No. 12-CV-4031(JG)(RER), 2012 WL 3779296, at *1 (E.D.N.Y. Aug, 30, 2012) (citation and internal quotation marks omitted).

As explained below, Mr. Walker's Complaint is dismissed because the Court lacks subject matter jurisdiction to hear the case.

## I. Factual Allegations

Mr. Walker alleges that Connecticut Light & Power used his personal information without his knowledge or consent to open an account for the provision of electricity to another individual. Compl. at Statement of Facts ¶¶2-4, ECF No. 1. He claims that Connecticut Light & Power knew that the information was stolen or at least was reckless or negligent in verifying that it had Mr. Walker's authorization to open an account. *Id.* ¶¶1, 6, 8. He alleges that as a result he suffered money damages, a decrease in his credit rating, and emotional distress. *Id.* ¶¶7-10.

**II.     Discussion**

Federal courts are courts of limited subject matter jurisdiction, meaning they are only authorized to hear cases in accordance with the prescriptions of Congress or the Constitution. *See Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (citation omitted).  A federal court must dismiss any claim for which it lacks subject matter jurisdiction without addressing the merits.  *See Arbagh v. Y&H Corp.*, 546 U.S. 500, 506-507, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety" and noting that a court may "on its own initiative" raise a lack of subject matter jurisdiction at any stage in the proceeding).

Mr. Walker's Complaint indicates that the basis for this Court's jurisdiction is federal question jurisdiction, namely that he is suing county or city employees for a violation of his constitutional rights under 42 U.S.C. §1983.  Compl. at Jurisdiction, ECF No. 1.  However, his Complaint does not identify any constitutional rights that the Defendants are alleged to have violated.  The Court has not located any case finding that identity theft violates a right protected by the Federal Constitution.  *See e.g.*, *Cotrich v. Gibbart*, No. 6:05-cv-294-Orl-28KRS, 2013 WL 1881537, at *7 (M.D. Fla. Apr. 18, 2013) (holding that identity theft does not implicate federal constitutional rights), *Report and Recommendation adopted by* 2013 WL 1881535 (M.D. Fla. May 3, 2013).  Because Mr. Walker does not identify any other federal law upon which his claim is based, the Court does not have federal question jurisdiction.  *See Arbaugh*, 546 U.S. at 513 ("A plaintiff properly invokes [federal question] jurisdiction when [ ]he pleads a colorable claim 'arising under' the Constitution or laws of the United States.") (citation omitted); *Banks*, 2012 WL 3779296, at *2 (noting that "conclusory references" to general terms like "robbery,

terrorism, torture, and kidnapping are insufficient to establish federal subject matter jurisdiction.") (citations omitted).

Mr. Walker describes Connecticut Light & Power as a Connecticut corporation. Compl. at Jurisdiction, ECF No. 1. He also alleges that he is a resident of Connecticut. *Id.* at Plaintiff(s). Because these parties are Connecticut citizens, the Court does not have diversity jurisdiction. *See* 28 U.S.C. §1332(a) (diversity is present when an action is between citizens of different states).

As the Court has determined that it has no subject matter jurisdiction to hear this case, it must be dismissed without prejudice. *See Arbagh*, 546 U.S. at 514. **For this case to go forward in federal court, Mr. Walker must file an amended complaint within thirty (30) days of the date of this Order that provides a basis for subject matter jurisdiction. Failure to file an amended complaint within thirty (30) days that states a basis for subject matter jurisdiction will result in dismissal.**

SO ORDERED at Bridgeport, Connecticut, this 2nd day of February 2016.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge